UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
Kevin Levine,                           \*
    Plaintiff,                       \*
                                      \*   Case Number:  05-CV-11736
v.                                      \*
                                      \*   **JURY TRIAL DEMANDED**
ZNQ3, Inc., Jeffrey L. Stutzman,        \*
And Charles Morgan                      \*
    Defendants
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF DEFENDANT JEFFREY L. STUTZMAN

Defendant Jeffrey L. Stutzman ("Stutzman"), by his undersigned attorneys, answers plaintiff's Complaint as follows:

1. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint and therefore denies such allegations.

2. Defendant denies the allegations of Paragraph 2 of the Complaint except defendant admits that ZNQ3 is a New Hampshire corporation and that its registered agent is Peter Burger, c/o Orr & Reno, PA, One Eagle Square, Concord, NH 03302.

3. Defendant denies each and every allegation of Paragraph 3 of the Complaint except defendant admits that defendant Jeffrey L. Stutzman is a New Hampshire resident living at 20 Cameron Lane in Wilton, New Hampshire 03086, was a founder of and investor in ZNQ3 and a director and the Chief Executive Officer of ZNQ3 through mid to late October, 2003.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint and therefore denies such allegations except defendant admits that Mr. Morgan is a director of ZNQ3.

5.      Defendant denies each and every allegation of this Complaint except defendant admits that this Court has subject matter jurisdiction of this Complaint although not exclusive subject matter jurisdiction.

6.      Defendant denies each and every allegation of Paragraph 6 of the Complaint except defendant admits that if venue is proper in Massachusetts, this court is proper venue.

7.      Defendant denies each and every allegation of Paragraph 7 of the Complaint except defendant admits that defendant and others founded ZNQ3 in the summer of 2002, that it submitted filings with the New Hampshire Secretary of State describing its business purpose and defendant denies any allegations inconsistent with those filings, admits that its promotional materials included statements that it was in the business of providing digital trust services designed to secure global communications and commerce and that ZNQ3 means message received, correctly authenticated under the declassified *Communications instructions, Operating signals for Allied Military Communications,* admits that the company had promotional materials and denies all allegations inconsistent with the statements in such promotional materials.

8.      Defendant denies each and every allegation of Paragraph 8 of the Complaint except defendant admits that certain individuals on behalf of ZNQ3 prepared private placement materials with respect to potential investors.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9 of the Complaint and therefore denies such allegations.

10. Defendant admits the allegations of Paragraph 10 of the Complaint.

11. Defendant admits the allegations of Paragraph 11 of the Complaint.

12. Defendant denies each and every allegation of Paragraph 12 of the Complaint except defendant admits that a meeting with plaintiff in March 2003, defendant was described as an important player in ZNQ3, defendant described his background with United States Navy intelligence and his experience with his current employer Cisco.

13. Defendant denies each and every allegation of Paragraph 13 of the Complaint except defendant admits that in that same meeting, individuals described defendant as being an important player in developing products for the company and in being one of the leaders in the company.

14. Defendant denies each and every allegation of Paragraph 14 of the Complaint except defendant admits that ZNQ3 and individuals working on behalf of ZNQ3 provided plaintiff with information about the company and defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation as to what plaintiff relied upon in investing in ZNQ3 and therefore denies such allegations.

15. Defendant denies each and every allegation of Paragraph 15 of the Complaint except defendant admits that plaintiff and/or his lawyer had meetings with defendants and other ZNQ3 employees to discuss ZNQ3, that there were discussions

about plaintiff contributing money in order to assist with the development of ZNQ3's products, that plaintiff invested $500,000 in ZNQ3 in exchange for 55,000 shares of the company's common stock, that a copy of the subscription agreement is attached as Exhibit A to the Complaint and defendant denies knowledge or information sufficient to form a belief as to what plaintiff relied on in investing in the company and therefore denies such allegations.

16.     Defendant denies each and every allegation in Paragraph 16 of the Complaint to the extent that any such allegation is inconsistent with the document attached as Exhibit A.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 with respect to plaintiff's beliefs, his basis for signing the attached subscription agreement and investing in ZNQ3 and therefore denies such allegations and defendant otherwise denies each and every allegation of Paragraph 17.

18.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the second and fourth sentences of Paragraph 18 of the Complaint and therefore denies such allegations and defendant denies each and every allegation of the first and third sentences of Paragraph 18.

19.     With respect to Paragraph 19 of the Complaint, defendant repeats and realleges his responses contained in Paragraphs 1 through 18 above as if fully set forth herein.

20.     Defendant denies each and every allegation of Paragraph 20 of the Complaint.

21. Defendant denies each and every allegation of Paragraph 21 of the Complaint.

22. With respect to Paragraph 22 of the Complaint, defendant repeats and realleges his responses contained in Paragraphs 1 through 21 above as if fully set forth herein.

23. Defendant denies each and every allegation of Paragraph 23 of the Complaint.

24. Defendant denies each and every allegation of Paragraph 24 of the Complaint.

25. With respect to Paragraph 25 of the Complaint, defendant repeats and realleges his responses contained in Paragraphs 1 through 24 above as if fully set forth herein.

26. Defendant denies such allegations to the extent they call for a legal conclusion and deny that the actions alleged in the Complaint are appropriate for claims under GLC 93A.

27. Defendant denies each and every allegation of Paragraph 27 of the Complaint.

28. Defendant denies each and every allegation of Paragraph 28 of the Complaint.

29. With respect to Paragraph 29 of the Complaint, defendant repeats and realleges his responses contained in Paragraphs 1 through 28 above as if fully set forth herein.

30. Defendant denies each and every allegation of Paragraph 30 of the Complaint.

31. Defendant denies each and every allegation of Paragraph 31 of the Complaint.

32. Defendant denies each and every allegation of Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation of Paragraph 33 of the Complaint.

## FIRST AFFIRMATIVE DENSE

34. Plaintiff fails to state a valid cause of action.

## SECOND AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred or reduced to the extent that other individuals were the proximate cause for any damages incurred by plaintiff.

## THIRD AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred since defendant did not know and in the exercise of reasonable care could not have known of the alleged untruths or omissions.

## FOURTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred or reduced based on the doctrines of comparative or contributory negligence.

## SIXTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims under G.L. c. 93A are barred since the alleged actions and transactions constituting the alleged unfair methods of competition or the unfair or deceptive acts or practices did not occur primarily and substantially within Massachusetts.

## SEVENTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims under the Uniform Securities Act are barred, among other reasons, because defendant did not offer securities "in Massachusetts" and was not a "seller" within the meaning of that statute.

## JURY TRIAL DEMANDED

41. Defendant demands a trial by jury in all claims that are so triable.

WHEREFORE, defendant requests that this Court:

A. Dismiss plaintiff's claims;

B. Award defendant his attorneys' fees and costs; and

C. Grant such other and further relief as may be just and proper.

Respectfully submitted,

Jeffrey Stutzman,
by his attorneys,

COOK, LITTLE, ROSENBLATT
& MANSON, P.L.L.C.

Dated: August 26, 2005            By: /s/ Arnold Rosenblatt
                                  Arnold Rosenblatt (BBO# 638526)
                                  650 Elm Street
                                  Manchester, NH  03101
                                  (603) 621-7102