UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)
)
Kenneth Levine, )
    Plaintiff )
)
v. ) C.A. No. 05-cv-11736- GAO
)
ZNQ3, Inc., Jeffrey L. Stutzman, )
and Charles Morgan, )
    Defendants )
)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)

## ANSWER OF ZNQ3, INC.

### Parties

1. Admitted.

2. Admitted.

3. Admitted.

4. The address listed for defendant Morgan is denied. Mr. Morgan is a resident of New Hampshire. Mr. Morgan was not an officer of ZNQ3, otherwise, admitted.

### Jurisdiction and Venue

5. Admitted, however, this matter has been removed to the U.S. District Court for the District of Massachusetts.

6. Admitted, however, this matter has been removed to the U.S. District Court for the District of Massachusetts.

## Facts

7. ZNQ3, Inc. is without sufficient information to admit or deny the allegations contained in Paragraph 7 and, therefore, denies same. To the extent that the allegations quote a document, the language of the document speaks for itself.

8. ZNQ3, Inc. admits that private placement materials were prepared to solicit investors.

9. ZNQ3, Inc. is without sufficient information to admit or deny the allegations contained in Paragraph 9 and, therefore, denies same.

10. Admitted.

11. Denied, Morgan explained that he managed the facility.

12. Generally admitted, except Defendant Morgan denies that he represented or knew that Defendant Stutzman was represented as working full time for ZNQ3, Inc. ZNQ3, Inc. is without sufficient information to admit or deny the allegations regarding whether Stutzman's full time status was represented and therefore denies same.

13. ZNQ3, Inc. is without sufficient information to admit or deny the allegations contained in Paragraph 13 and, therefore, denies same.

14. ZNQ3, Inc. is without sufficient information to admit or deny the allegations contained in Paragraph 14 and, therefore, denies same.

15. ZNQ3, Inc. is without sufficient information to admit or deny the allegations contained in Paragraph 15 and, therefore, denies same. However,

ZNQ3, Inc. admits that the plaintiff invested approximately $500,000 in ZNQ3 in exchange for 55,000 shares of the company's common stock.

16. ZNQ3, Inc. states that the agreement must be read as a whole and the terms of the agreement are self evident.

17. ZNQ3, Inc. is without sufficient information to admit or deny the allegations contained in Paragraph 17 and, therefore, denies same.

18. ZNQ3, Inc. is without sufficient information to admit or deny the allegations contained in Paragraph 18 and, therefore, denies same.

### COUNT I (Fraud)

19. ZNQ3, Inc. repeats and re-alleges his responses to Paragraphs 1 through 18 as if fully set forth herein.

20. Denied.

21. Denied.

### COUNT II (Negligent Representation)

22. ZNQ3, Inc. repeats and re-alleges his responses to Paragraphs 1 through 21 as if fully set forth herein.

23. Denied.

24. Denied.

### COUNT III (Chapter 93A)

25. ZNQ3, Inc. repeats and re-alleges his responses to Paragraphs 1 through 24 as if fully set forth herein.

26. Denied.

27. Denied

28. Denied

### COUNT IV (Violation of the Uniform Securities Act)

29. ZNQ3, Inc. repeats and re-alleges his responses to Paragraphs 1 through 28 as if fully set forth herein.

30. The allegation contained in this paragraph sets forth a conclusion of law and, therefore, no response is necessary. To the extent a response may be necessary, the response is "denied."

31. Denied.

32. Denied.

33. Denied.

### Relief Requested

WHEREFORE, for the foregoing reasons, ZNQ3, Inc. respectfully requests the court enter a judgment in his favor and for such other relief as is just and proper.

### Jury Demand

ZNQ3, Inc. demands trial by jury on all counts and claims so triable.

And in further response, defendant Morgan states:

### Affirmative Defenses

1. The complaint fails to state claims upon which relief may be granted.

2. At no time did ZNQ3, Inc. or its agents act knowingly, willfully or negligently to mislead or misinform the plaintiff.

3. Plaintiff was aware of facts at all relevant times that prohibits him from seeking relief in this matter. M.G.L.A.110A §410(f).

4. Plaintiff was comparatively negligent and said fact either reduces judgment or prevents him from receiving judgment in this matter.

          Respectfully submitted,

          ZNQ3, Inc.,

          By its Attorneys,

          Rodgers, Powers and Schwartz, LLP

Dated: August 29, 2005

/s/ Laurie A. Frankl
Laurie Frankl
BBO # 647181
18 Tremont Street, Suite 500
Boston, Massachusetts 02108
617.742.7010