UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * )
                                      )
Kenneth Levine,                       )
      Plaintiff                       )
                                      )
v.                                    )
                                      )
ZNQ3, Inc., Jeffrey L. Stutzman,      )
and Charles Morgan,                   )
      Defendants                      )
                                      )
* * * * * * * * * * * * * * * * * * * )
```

## ANSWER OF CHARLES MORGAN

### Parties

1. Admitted.

2. Admitted.

3. The first sentence is admitted. Defendant Morgan is without sufficient information to admit or deny the second sentence of Paragraph 3 and, therefore, denies same.

4. The address listed for defendant Morgan is denied. Mr. Morgan is a resident of New Hampshire. Mr. Morgan denies being an officer of ZNQ3, otherwise, admitted..

### Jurisdiction and Venue

5. Admitted, however, this matter has been removed to the U.S. District Court for the District of Massachusetts.

6. Admitted, however, this matter has been removed to the U.S. District Court for the District of Massachusetts.

**Facts**

7. Defendant Morgan is without sufficient information to admit or deny the allegations contained in Paragraph 7 and, therefore, denies same. To the extent that the allegations quote a document, the language of the document speaks for itself.

8. Defendant Morgan is without sufficient information to admit or deny the allegations contained in Paragraph 8 and, therefore, denies same. Defendant Morgan denies preparing the private placement.

9. Defendant Morgan is without sufficient information to admit or deny the allegations contained in Paragraph 9 and, therefore, denies same.

10. Admitted.

11. Denied, Morgan explained that he managed the facility.

12. Generally admitted, except Defendant Morgan denies that he represented or knew that Defendant Stutzman was represented as working full time for ZNQ3, Inc. Morgan is without sufficient information to admit or deny the allegations regarding whether others represented Stutzman's full time status and therefore denies same.

13. Defendant Morgan is without sufficient information to admit or deny the allegations contained in Paragraph 13 and, therefore, denies same. Defendant Morgan denies that he represented or knew that Defendant Stutzman was represented as working full time for ZNQ3, Inc.

14. Defendant Morgan is without sufficient information to admit or deny the allegations contained in Paragraph 14 and, therefore, denies same.

15. Defendant Morgan is without sufficient information to admit or deny the allegations contained in Paragraph 15 and, therefore, denies same.  However, Defendant Morgan admits that the plaintiff invested approximately $500,000 in ZNQ3 in exchange for 55,000 shares of the company's common stock.

16. Defendant Morgan states that the agreement must be read as a whole and the terms of the agreement are self evident.

17. Defendant Morgan is without sufficient information to admit or deny the allegations contained in Paragraph 17 and, therefore, denies same.

18. Defendant Morgan is without sufficient information to admit or deny the allegations contained in Paragraph 18 and, therefore, denies same.

### COUNT I (Fraud)

19. Defendant Morgan repeats and re-alleges his responses to Paragraphs 1 through 18 as if fully set forth herein.

20. Denied.

21. Denied.

### COUNT II (Negligent Representation)

22. Defendant Morgan repeats and re-alleges his responses to Paragraphs 1 through 21 as if fully set forth herein.

23. Denied.

24. Denied.

### COUNT III (Chapter 93A)

25. Defendant Morgan repeats and re-alleges his responses to Paragraphs 1 through 24 as if fully set forth herein.

26. Denied.

27. Denied

28. Denied

### COUNT IV (Violation of the Uniform Securities Act)

29. Defendant Morgan repeats and re-alleges his responses to Paragraphs 1 through 28 as if fully set forth herein.

30. The allegation contained in this paragraph sets forth a conclusion of law and, therefore, no response is necessary. To the extent a response may be necessary, the response is "denied."

31. Denied.

32. Denied.

33. Denied.

### Relief Requested

WHEREFORE, for the foregoing reasons, Defendant Morgan respectfully requests the court enter a judgment in his favor and for such other relief as is just and proper.

### Jury Demand

Defendant Morgan demands trial by jury on all counts and claims so triable.

And in further response, defendant Morgan states:

### Affirmative Defenses

1. The complaint fails to state claims upon which relief may be granted.

2. Plaintiff did not make demand upon defendant Morgan prior to initiating suit and his Chapter 93A claim is therefore barred.

3. At no time did defendant Morgan act knowingly, willfully or negligently to mislead or misinform the plaintiff.

4. Defendant Morgan did not know and, in the reasonable exercise of care, could not know of the facts upon which liability against him is asserted. M.G.L.A. 110A §410(b).

5. Plaintiff was aware of facts at all relevant times that prohibits him from seeking relief in this matter. M.G.L.A.110A §410(f).

6. Plaintiff was comparatively negligent and said fact either reduces judgment or prevents him from receiving judgment in this matter.

    Respectfully submitted,

    CHARLES MORGAN,

    By His Attorneys,

    BERNSTEIN SHUR

Dated: August 26, 2005    By: _____/s/ Andru H. Volinsky_____
    Andru H. Volinsky, Esq.
    BBO# 510920
    670 N. Commercial St.
    PO Box 1120
    Manchester, NH 03105
    (603) 623-8700