**Commonwealth of Massachusetts**
**NORFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# NOCV2005-01343
## Levine v ZNQ3 Inc et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 08/01/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 08/29/2005 | **Session** | A - Civil A-CtRm 10 | | |
| **Origin** | 1 | **Case Type** | B99 - Misc tort | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 10/30/2005 | **Answer** | 12/29/2005 | **Rule12/19/20** | 12/29/2005 |
| **Rule 15** | 12/29/2005 | **Discovery** | 05/28/2006 | **Rule 56** | 06/27/2006 |
| **Final PTC** | 07/27/2006 | **Disposition** | 09/25/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Kenneth Levine
Active 08/01/2005

**Private Counsel 168510**
Jonathan W Fitch
Sally & Fitch
225 Franklin Street
30th Floor
Boston, MA 02110-2804
Phone: 617-542-5542
Fax: 617-542-1542
Active 08/01/2005 Notify

**Defendant**
ZNQ3 Inc
Service pending 08/01/2005

**Private Counsel 510920**
Andru H Volinsky
Bernstein Shur Sawyer & Nelson
1855 Elm Street
Manchester, NH 03101
Phone: 603-623-8700
Fax: 603-623-7775
Active 08/29/2005 Notify

**Defendant**
Jeffrey L Stutzman
Service pending 08/01/2005

*** See Attorney Information Above ***

**Private Counsel 638526**
Arnold Rosenblatt
Cook Little Rosenblatt & Manson
650 Elm Street
Manchester, NH 03101
Phone: 603-621-7100
Fax: 603-621-7111
Active 08/29/2005 Notify

MASXP-20050621
ditunnoa

Case 1:05-cv-11736-GAO   Document 5   Filed 09/30/2005   Page 2 of 16

08/29/2005
09:53 AM

Commonwealth of Massachusetts
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

## NOCV2005-01343
### Levine v ZNQ3 Inc et al

| Defendant | Private Counsel 510920 |
|---|---|
| Charles Morgan | Andru H Volinsky |
| Service pending 08/01/2005 | Bernstein Shur Sawyer & Nelson |
| | 1855 Elm Street |
| | Manchester, NH 03101 |
| | Phone: 603-623-8700 |
| | Fax: 603-623-7775 |
| | Active 08/29/2005 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/01/2005 | 1.0 | Complaint & jury claim filed $275.00 entry fee paid |
| 08/01/2005 | | Origin 1, Type B99, Track F. |
| 08/01/2005 | 2.0 | Civil action cover sheet filed |
| 08/01/2005 | 3.0 | plffs motion for appointment of special process server-motion allowed (Fabricant,J.)  cs |
| 08/01/2005 | | fast track notice sent to plffs attorney |
| 08/05/2005 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 08/29/2005 | 4.0 | Notice of removal to. U.S.District Court. rec'd 8/26/05 Case REMOVED this date to US District Court of Massachusett. cs |

### EVENTS

A TRUE COPY
Attest: _[signature]_
~~Deputy~~ Assistant Clerk
8/29/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KENNETH LEVINE,
Plaintiff

v.

ZNQ3, Inc.,
JEFFREY L. STUTZMAN, and
CHARLES MORGAN,

Defendants

RECEIVED & ~~FILED~~
CLERK OF THE COURTS
NORFOLK COUNTY Civil Action No. _____
8/31/05

05 - 11736 GAO

NOTICE OF REMOVAL

Now come the defendants, ZNQ3, Inc., Jeffrey L. Stutzman, and Charles Morgan, through counsel and respectfully give notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of this action from the Superior Court for Norfolk County, Massachusetts to the United States District Court for the District of Massachusetts. The defendants, solely for the purposes of removal, state as follows.

1. State Court Action

Plaintiff, Kenneth Levine, filed this action against the named defendants before the Superior Court for Norfolk County, Massachusetts in which he has alleged claims of fraud and violation of M.G.L.A. § 93-A.

2. Federal Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The plaintiff is a resident of Massachusetts. Defendants Morgan and Stutzman are both residents of New Hampshire. ZNQ3, Inc. is a Delaware corporation with a principal place of business in New Hampshire. There is more than $75,000.00 in issue.

3. <u>Timeliness of Removal</u>

The defendants first received notice of the Complaint filed against them on August 3, 2005. Removal of the action is, therefore, timely pursuant to 28 U.S.C. § 1446(b).

4. <u>Relief Requested</u>

The defendants request that the United States District Court for the District of Massachusetts assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all necessary parties. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings served upon the defendants are attached as Exhibit A.

Respectfully submitted,

CHARLES MORGAN
By his attorneys,
Bernstein, Shur, Sawyer and Nelson, PA

_____
Andru H. Volinsky, (BBO # 510920)
P.O. Box 1120
Manchester, NH 03105
603.623.8700


Jeffrey L. STUTZMAN
By his attorneys,
Cook, Little, Rosenblatt and Manson, P.L.L.C.

_____
Arnold Rosenblatt, (BBO# 638526)
650 Elm Street
4th Floor
Manchester, NH 03101
603.621.7102

ZNQ3, INC.
By its attorneys,
Rodgers, Powers and Schwartz, LLP

_____
Laurie Frankl (BBO# 64718 )
18 Tremont
Boston, Massachusetts 02108
617.742.7010

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served upon Jonathon Fitch, of    and Fitch,    this 22 day of August, 2005 by placing a true and exact copy of same in the U.S. Mail, postage prepaid.

_____
Andru H. Volinsky

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
8/29/05

# RODGERS, POWERS & SCHWARTZ LLP

18 Tremont Street  *ATTORNEYS AT LAW*
Boston, MA 02108
Tel. (617) 742-7010
Fax (617) 742-7225

August 25, 2005

Clerk for Civil Business
Norfolk Superior Court
650 High Street
Dedham, MA 02026

Re: Levine v. ZNQ3 Inc. et al
No. 05-01343

Dear Sir or Madam:

Enclosed for filing please find a certified copy of the Notice of Removal to US District Court, District of Massachusetts in the above referenced case. Thank you for your attention to this matter.

Sincerely,

Mike Pesa-Fallon

Enclosure
Cc:  A. Volinski Esq.
     A. Rosenblatt Esq.
     J. Fitch, Esq.

Harvey A. Schwartz, P.C.
Kevin G. Powers, P.C.
Elizabeth A. Rodgers
Jonathan J. Margolis
Robert S. Manteli
Linda Evans
Laurie A. Frank
Sara Smolik

www.TheEmploymentLawyers.com

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss                                    SUPERIOR COURT DEPARTMENT
                                               OF THE TRIAL COURT
                                               C. A. No.
                                               05  01343

| | |
|---|---|
| KENNETH LEVINE, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **COMPLAINT AND** |
| ZNQ3, INC., JEFFREY L. STUTZMAN, | ) **JURY DEMAND** |
| and CHARLES MORGAN, | ) |
| Defendants. | ) |

For his complaint against the defendants, the plaintiff states as follows:

## PARTIES

1. Plaintiff, Kenneth Levine ("Levine"), is a Massachusetts resident living in Wellesley, Norfolk County, Massachusetts.

2. Defendant, ZNQ3, Inc. ("ZNQ3"), is a New Hampshire corporation with a principal place of business at Suite 100, 400 Bedford Street, Manchester, New Hampshire. ZNQ3's registered agent is Peter F. Burger, c/o Orr & Reno, PA, One Eagle Square, Concord, NH 03302.

3. Defendant, Jeffrey L. Stutzman ("Stutzman"), is a New Hampshire resident living at 20 Cameron Lane in Wilton, New Hampshire 03086. At all times relevant hereto, Stutzman was a founder of, an investor in, an officer of, a director of, and the chief executive officer ("CEO") of ZNQ3.

4. Defendant, Charles Morgan ("Morgan"), is a New Hampshire resident living at 48 London Court in Merrimack, New Hampshire. At all times relevant hereto, he was an investor in, vice president of sales for, and a director of ZNQ3.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to G. L. c. 212, § 4, because this is a civil action over which no other court has exclusive original jurisdiction.

6. Venue is proper in this county pursuant to G. L. c. 223, § 1, because Levine lives in Norfolk County. Venue is also proper in this county against ZNQ3 pursuant to G. L. c. 223, § 8, because Levine lives in Norfolk County and ZNQ3, as a corporation, can be sued in the county in which an individual plaintiff lives.

## FACTS

7. In the summer of 2002, Stutzman and others founded ZNQ3. In its filings with the New Hampshire Secretary of State, ZNQ3 described its business purpose as being the development, creation and selling of electronic devices and associated software. In promotional materials, ZNQ3 stated it was in the business of providing digital trust services designed to secure global communications and commerce, and explained that under the declassified *Communications Instructions, Operating Signals for Allied Military Communications*, ZNQ3 means: "Message received, correctly authenticated." In promotional material soliciting investors, ZNQ3 stated that its founders (Stutzman and others) had contributed approximately $800,000 to start up the company.

8. As part of ZNQ3's business plan, ZNQ3, through Stutzman, Morgan and others, prepared private placement materials to solicit investors.

9. In March 2003, Levine received a telephone call from Tim Platt ("Platt"), one of ZNQ3's co-founders and directors and its Chief Operating Officer. In this telephone call, Platt urged Levine to consider investing in ZNQ3. As a result of the call and the information that Platt conveyed about the company, a meeting was scheduled at ZNQ3's offices to explain the nature of the company and its products, to meet management personnel, and to explore an investment from Levine.

10. On March 21, 2003, Levine went to a meeting at ZNQ3's offices in Manchester, New Hampshire, which Stutzman, Morgan, Platt and other ZNQ3 employees attended.

11. During the meeting, Morgan explained that he owned the facility where ZNQ3's offices were located.

12. During the meeting, Stutzman, Morgan and Platt, in their statements and in their conduct, presented Stutzman as the star of ZNQ3. Stutzman explained his extensive background in United States States Navy intelligence, and his position and years of experience with his former employer, Cisco Corporation ("Cisco"), a Fortune 100 software company. Stutzman explained that he was a founder of ZNQ3 and that he was serving as its full-time CEO. He also stated that his prior relationship with Cisco would make it easy for ZNQ3 to obtain significant amounts of business from Cisco.

13. Through their words and conduct, Stutzman, Morgan and Platt stated that Stutzman was ZNQ3's key man with the experience, skills, ability, background and name recognition needed to develop products for the company, and to lead the company in selling its products worldwide. In their statements and in information that they provided to Levine at this meeting, the defendants and others in attendance made two significant

material representations that any reasonable investor would rely upon in deciding whether or not to invest in ZNQ3: (1) that Stutzman was the full-time CEO of ZNQ3 and would be devoting all of his efforts to developing ZNQ3's product and selling it in the marketplace; and (2) that ZNQ3 had the ownership of and/or the right to use all intellectual property that was necessary for its proposed business products.

14. In reliance upon these clear representations and statements of fact, Levine decided that he wanted to invest a substantial amount of money in ZNQ3. Accordingly, the defendants and Levine agreed to embark upon a course of conduct designed to provide Levine with sufficient knowledge and information about the company to satisfy him that his investment was worthwhile.

15. In April of 2003, Levine and/or his attorney had additional meetings with the defendants and other ZNQ3 employees to obtain more information about the company. During these meetings, the defendants continued to represent that Stutzman was already employed by ZNQ3 as its full-time CEO, and that the company owned or had the right to use all intellectual property necessary for its proposed business purposes. During those meetings, the defendants repeatedly indicated that they needed Levine's investment quickly in order to have time to develop an encryption chip product so that it would be ready for a major trade show in November 2003. On May 1, 2003, in reliance on the material representations regarding Stutzman's current role in the company and the company's ownership of or right to use all necessary intellectual property, Levine and ZNQ3 executed a Subscription Agreement and Representations ("Agreement") whereby Levine invested $500,000 in ZNQ3 in exchange for 55,000 shares of the company's

common stock. A true and accurate copy of the Agreement is attached hereto as **Exhibit A** and incorporated by reference herein.

16. The Agreement confirmed Stutzman's role in the company and the company's ownership of and right to use intellectual property to develop its products. Specifically, the company represented and warranted: "To the Company's knowledge, no employee of the Company is in violation of any term of any contract or covenant (either with the Company or with another entity) relating to employment, patents, assignment of inventions, proprietary information disclosure, non-competition or non-solicitation." In terms of its intellectual property, the company warranted and represented as follows: "The Company owns, free and clear of all security interests, or has the valid right to use all intellectual property (as defined below) used by it in its business as currently conducted or as currently proposed to be conducted." (See pages 7 and 8 of Exhibit A)

17. When Levine signed the Agreement and made his $500,000 investment, he believed, based upon everything that he had been told by the defendants, that Stutzman had ended his employment with Cisco and was full-time CEO of ZNQ3, and that ZNQ3 owned or had the right to use all intellectual property needed to develop its business product. But for these specific and important factual statements and representations that the defendants made to him, Levine would not have signed the Agreement and invested $500,000 in the company, and no reasonable investor would have done so.

18. In March 2004, Levine learned that Stutzman had never left Cisco's employment and that he had never been the full-time CEO of ZNQ3. Also, Levine

learned that ZNQ3 did not own or have the right to use all of the intellectual property necessary to develop its products. By this time, ZNQ3 had no meaningful assets or products, no business, no reasonable business prospects, and Levine's entire investment had become worthless. As a result, Levine's shares in ZNQ3 have no value.

## COUNT I
(Fraud)

19. Levine repeats and realleges paragraphs 1 through 18 as if fully set forth herein.

20. The defendants, in soliciting Levine to invest in ZNQ3 and in the process of securing his investment, made false representations of material fact to him with knowledge of their falsity for the purpose of inducing Levine to act on those representations. Levine relied upon the defendants' representations as true and acted upon them to his damage.

21. As a result of the fraud of the defendants, Levine has suffered damages of $500,000.

## COUNT II
(Negligent Representation)

22. Levine repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

23. In the course of their business dealings with Levine, the defendants supplied false information to guide Levine in his decision about whether to invest in ZNQ3. The defendants are liable for the money losses that they caused Levine to suffer by his justifiable reliance upon their information, because they failed to exercise reasonable care or competence in obtaining or communicating that information to Levine.

24. As a result of their negligent representations, Levine has suffered monetary damages of $500,000.

## COUNT III
(Chapter 93A)

25. Levine repeats and realleges paragraphs 1 through 24 as if fully set forth herein.

26. At all times relevant hereto, the defendants were persons engaged in trade or commerce as defined in G. L. c. 93A.

27. In their conduct as described above, the defendants engaged in fraud and negligent representations, and breached the covenant of good faith and fair dealing implicit in all contracts. As a result, the defendants committed unfair and deceptive trade practices in their business dealings with Levine.

28. As a result of their unfair and deceptive trade practices, the defendants have caused Levine to suffer damages of $500,000.

## COUNT IV
(Violation of the Uniform Securities Act)

29. Levine repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

30. Levine's investment with the defendants was made through a private placement regulated by the Uniform Securities Act, G. L. c. 110A.

31. At all times relevant hereto, each of the defendants was a "seller" under the Uniform Securities Act, in that each defendant, in successfully soliciting the investment from Levine, was motivated at least in part by a desire to serve his/its own financial interest or those of the securities owner.

32. In soliciting the investment from Levine, each of the defendants, as a seller, made a material misstatement and/or omission, and each was negligent with respect to the misstatement and/or omission.

33. As a result of the defendants' violations of their legal obligations under the Uniform Securities Act, Levine has suffered damages of $500,000.

## RELIEF REQUESTED

WHEREFORE, Levine respectfully requests that this Court:

1. Enter judgment in his favor and against all defendants on all Counts;

2. Award Levine his damages, trebled, costs, and attorneys' fees; and

3. Award Levine such other relief as he may be able to demonstrate he is entitled to receive.

## JURY DEMAND

LEVINE DEMANDS TRIAL BY JURY ON ALL COUNTS AND CLAIMS SO TRIABLE.

KENNETH LEVINE
By his attorneys,

Attest: _____
8/29/05

_____
Jonathan W. Fitch, BBO # 168510
Robert M. Mendillo, BBO #342780
SALLY & FITCH LLP
225 Franklin Street
Boston, MA 02110
617-542-5542

Dated: August 1, 2005

8

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05 01848 | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

| PLAINTIFF(S) Kenneth Levine | DEFENDANT(S) ZNQ3, INC., JEFFREY L. STUTZMAN, CHARLES MORGAN |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Jonathan W Fitch, Sally & Fitch, LLP 225 Franklin St., Boston 02110 617 542-5542 Board of Bar Overseers number: 163510 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

RECEIVED & FILED CLERK OF THE COURTS NORFOLK COUNTY

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | FRAUD | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................... $
2. Total Doctor expenses ........................................... $
3. Total chiropractic expenses ...................................... $
4. Total physical therapy expenses .................................. $
5. Total other expenses (describe) ..................................
   Subtotal $

Documented lost wages and compensation to date ................... $
Documented property damages to date ............................. $
Reasonably anticipated future medical and hospital expenses ....... $
Reasonably anticipated lost wages ................................ $
Other documented items of damages (describe)
$ 500,000

Brief description of plaintiff's injury, including nature and extent of injury (describe)
$500,000 private placement investment in ZNQ3 Inc. lost and rendered worthless due to actions of the defendants

TOTAL $ 500,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY
Attest: [signature]
Deputy Assistant Clerk
8/29/05

TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  Jonathan W. Fitch  DATE: 8/1/05

mtc005-11/99
1-2000

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| NORFOLK, ss | SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT<br>C. A. No. 05 01343 |
| KENNETH LEVINE,<br><br>Plaintiff,<br><br>v.<br><br>ZNQ3, INC., JEFFREY L. STUTZMAN, and CHARLES MORGAN,<br><br>Defendants. | PLAINTIFF'S MOTION APPOINT A <u>SERVER SPECIAL PROCESS</u> |

Plaintiffs respectfully move, pursuant to Mass. R. Civ. P. 4, that this Court appoint Suvalle, Jodrey & Associates, ("SJA") or any constable associated with that firm, as special process servers to serve process in this action. In support of this motion, plaintiff's states that SJA's constables are over the age of eighteen (18), are disinterested in this action, and are experienced in the service of process on defendants residing in New Hampshire.

KENNETH LEVINE
By his attorneys,

_____
Jonathan W. Fitch, BBO # 168510
Robert M. Mendillo, BBO #342780
SALLY & FITCH LLP
225 Franklin Street
Boston, MA 02110
617-542-5542

Dated: August 1, 2005

**A TRUE COPY**

Attest: _____
Deputy Assistant Clerk