UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* )
)
Kenneth Levine,    )
    Plaintiff    )
)
v.    )    C.A. No. 05-cv-11736- GAO
)
ZNQ3, Inc., Jeffrey L. Stutzman,    )
and Charles Morgan,    )
    Defendants    )
)
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* )

Motion of ZNQ3 Counsel to Withdraw Representation

Counsel to ZNQ3, Inc., Harvey A. Schwartz, Laurie A. Frankl and Rodgers, Powers & Schwartz, LLP request that this Court allow them to them to withdraw their representation of defendant, ZNQ3, Inc. In support of their request, defense counsel states:

1. Rodgers, Powers & Schwartz, LLP was retained by Charles Morgan, on behalf of ZNQ3, Inc. when Charles Morgan was a member of its Board of Directors. Mr. Morgan, on behalf of the corporation, paid this firm a small retainer out of his personal funds. Morgan Aff. ¶ 2.

2. ZNQ3, Inc.'s retainer is extinguished. Frankl Aff. ¶ 5.

3. Mr. Morgan is no longer a member of the ZNQ3, Inc. Board of Directors. Morgan Aff. ¶ 4.

4. Counsel has tried, without success, to contact the two remaining members of the ZNQ3, Inc. Board of Directors, Mr. Timothy Platt and Mr. James E. McKee, III. Frankl Aff. ¶ 6.

5. Mr. Morgan has twice requested that the corporation replenish its retainer in an amount sufficient to cover costs and fees in this matter with this firm. Morgan Aff. ¶¶ 3, 4.

6. ZNQ3, Inc. has been advised that if the corporation's retainer is not replenished that defense counsel will move to withdraw their appearance. ZNQ3, Inc. has been given sufficient time to contact counsel and has not done so. Frankl Aff. 10, 11.

7. ZNQ3, Inc. has been advised that without counsel of record, it is likely that this Court will enter a default against it. Frankl Aff. 12.

8. Counsel has had no contact with Misters Platt and McKee. Defense counsel has not received direction from her clients regarding the litigation. Frankl Aff. ¶ 7, 8.

WHEREFORE, counsel for defendant ZNQ3, Inc. respectfully requests that this Court <u>allow</u> their motion to withdraw their appearance on behalf of ZNQ3, Inc. in the above-captioned matter.

                                        Respectfully submitted,

Dated:  
February 15, 2006

                                        /s/ Laurie A. Frankl  
Harvey A. Schwartz  
BBO # 448080  
Laurie A. Frankl  
BBO # 647181  
Rodgers, Powers & Schwartz, LLP  
18 Tremont Street, Suite 500  
Boston, MA 02108  
617-742-7010  
laurie@theemploymentlawyers.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)
KENNETH LEVINE,              )
    Plaintiff                )
                             )
v.                           )   C.A. No. 05-cv-11736- GAO
                             )
ZNQ3, INC.,                  )
JEFFREY L. STUTZMAN,         )
and CHARLES MORGAN,          )
    Defendants               )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AFFIDAVIT OF LAURIE A. FRANKL IN SUPPORT OF MOTION OF
ZNQ3, INC. COUNSEL TO WITHDRAW REPRESENTATION**

I, Laurie A. Frankl, Esq., do hereby depose and state:

1. I am an attorney with Rodgers, Powers & Schwartz, LLP. 18 Tremont Street, Suite 500. Boston, MA.

2. Rodgers, Powers & Schwartz, LLP was retained by ZNQ3, Inc., through Charles Morgan, at a time when Mr. Morgan was a member of the corporation's Board of Directors.

3. Mr. Morgan is no longer a member of the corporation's Board of Directors.

4. Mr. Morgan paid this firm a retainer to initiate representation.

5. The corporation's retainer has been exhausted.

6. I have tried, unsuccessfully, to contact James Platt and Timothy McKee, the two remaining members of the ZNQ3, Inc. Board of Directors.

7. Misters McKee and Platt have not contacted me or any person at Rodgers, Powers & Schwartz, LLP.

8. I am currently unable to advise my client or to receive direction from my client regarding the course of this litigation.

9. I have received no indication that the corporation has any intention of replenishing its retainer or to otherwise pay for legal services.

10. I have informed Misters McKee and Platt that if the corporation's retainer is not replenished that this firm will move to withdraw its representation. A copy of the electronic mail correspondence is attached to this Affidavit.

11. The corporation has been given sufficient time to contact my office and has not done so.

12. I have informed Misters McKee and Platt that if this Court allows our Motion to Withdraw Representation, and no successor counsel enters an appearance on behalf of the corporation, that there is a likelihood that this Court will enter a default on behalf of the corporation.

13. A copy of the Motion to Withdraw Representation and this Affidavit have been sent to Misters McKee and Platt.

13. The foregoing statements are true of my own knowledge.

Signed under the pains and penalties of perjury this 15th day of February 2006.

_____
Laurie A. Frankl, Esq.

# Laurie

**From:** Laurie Frankl [Laurie@theemploymentlawyers.com]
**Sent:** Thursday, February 09, 2006 3:07 PM
**To:** 'paylinx@swbell.net'; 'tcplatt@comcast.net'
**Subject:** Levine v. ZNQ3, Inc.

Misters Platt and McKee-

I received your names from Andru Volinsky, counsel for Charlie Morgan. To date I have been dealing with ZNQ3, Inc. through Mr. Volinksy. It is now critical that I hear directly from the corporation.

I understand that you are both members of the ZNQ3, Inc. Board of Directors. As you know, my firm was brought into this case at the point where the corporation and the individual defendants, Stutzman and Morgan, removed the litigation to federal court. We were paid a $2500.00 retainer. This retainer is now essentially depleted.

It is critical that I hear from you regarding the corporation's plans with respect to this lawsuit. There are essentially two options as I see them:

1) <u>This firm continues in its representation of ZNQ3.</u>:
In order for this firm to remain as counsel to the corporation we require an additional $10,000 to replenish the retainer. If the corporation chooses this option, then we need to move quickly as the case is scheduled to be mediated next month and I will need to fully prepare the corporation's legal defense.


2) <u>ZNQ3 Hires Substitute Counsel</u>
If the corporation does not want to want Rodgers, Powers & Schwartz, LLP to continue its representation of ZNQ3 and it has substitute counsel, please let me know this information immediately so that I can withdraw as counsel.

If the corporation does not have substitute counsel, but can not or will not pay us to replenish the retainer, then we will be forced to withdraw as counsel. If this occurs, and no substitute counsel is named, the Court will likely enter a default against the corporation and the corporation will be liable for any judgment on damages that is entered.

It is critical that I hear from a member of the Board in the next few days. If I do not hear from you by Monday, February 13, then I will move to withdraw our appearance.

I look forward to hearing from you.

Laurie Frankl

2/15/2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)
)
Kenneth Levine, )
    Plaintiff )
)
v. )   Case No.: 05-cv-11736
)
ZNQ3, Inc., Jeffrey L. Stutzman, )
and Charles Morgan, )
    Defendants )
)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)

### AFFIDAVIT OF CHARLES MORGAN

I, Charles Morgan, under oath hereby state as follows:

1. My name is Charles Morgan. When suit was originally initiated in this matter I was a member of the Board of Directors of ZNQ3, Inc. along with Timothy Platt and James E. McKee, III.

2. As a member of the Board, I arranged for counsel to represent ZNQ3, paying a small retainer for counsel to enter an appearance. I paid that retainer amount from my personal funds. As a result, Laurie Frankl, Esquire entered an appearance and filed an answer on behalf of ZNQ3.

3. Shortly thereafter, I requested that ZNQ3 make arrangements for new counsel or to replenish counsel's retainer in an amount sufficient to cover costs and fees in this matter.

4. I have since withdrawn from the Board of Directors from ZNQ3. I again requested that ZNQ3 make arrangements for new counsel or to replenish

counsel's retainer in an amount sufficient to cover costs and fees in this matter.

5. I do not know if ZNQ3 or its board members have retained new counsel or replenished current counsel's retainer.

This ends my affidavit testimony.

Date: 2/10/06

_____
Signature of witness under oath

State of New Hampshire

County of Hillsborough

Subscribed and sworn to this 10th day of February, 2006.

Before me,

_____
Notary Public/Justice of the Peace

Dawnangela Minton
Print or type name

DAWNANGELA A. MINTON, Justice of the Peace
My Commission Expires March 24, 2009

Commission expires: _____