UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * )
                                    )
Kenneth Levine,                     )
       Plaintiff                    )
                                    )
v.                                  )     C.A. No. 05-cv-11736- GAO
                                    )
ZNQ3, Inc., Jeffrey L. Stutzman,    )
and Charles Morgan,                 )
       Defendants                   )
                                    )
* * * * * * * * * * * * * * * * * * )
```

MOTION FOR RECONSIDERATION OF DEFENDANT ZNQ3 COUNSEL'S
MOTION TO WITHDRAW REPRESENTATION
or, IN THE ALTERNATIVE,
MOTION FOR STAY

Counsel to ZNQ3, Inc., Harvey A. Schwartz, Laurie A. Frankl and Rodgers, Powers & Schwartz, LLP request that this Court reconsider its February 21, 2006 denial of their motion to withdraw representation. The corporation's officers refuse to communicate with counsel and indicate no intention of retaining new counsel. The case is scheduled for mediation on March 27, 2006. Should this court continue to compel counsel to represent the corporate defendant, counsel will be forced to remain mute at this mediation as they have neither authority, direction nor information from their client. See Affidavit of Harvey A. Schwartz. As a result, in the alternative to allowance of this motion to reconsider, counsel requests that this matter, including the scheduled mediation, be stayed to permit counsel to appeal from the denial of the motion to withdraw.

Counsel suggest that to compel them to continue to attempt to represent a client under these circumstances constitutes an abuse of this court's discretion. "In similar circumstances, circuit courts, including this one, have found the denial of a motion to withdraw to be an abuse of discretion. See, e.g., *Fidelity*, 310 F.3d at 540-41; *Lieberman v. Polytop Corp.*, 2 Fed. Appx. 37, 39-40 (1st Cir. 2001) (unpublished opinion). In Lieberman, we reversed the district court's denial of a motion to withdraw and explained:

> It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front the necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement. Further, if counsel does not expend the necessary effort and does not front the trial expenses, he very well could expose himself to civil liability to his client. We refuse to place counsel in such a position.

2 Fed. Appx. at 39-40." *Rivera-Domenech v. Calvesbert Law Offices PSC*, 402 F.3d 246, 249 (1st Cir. 2005).

Since this court denied counsel's motion to withdraw, the corporation's only officers, Timothy Platt and James McKee, continue to refuse to communicate with counsel. Certified letters to them were returned as undeliverable. Exhibit A. Emails were delivered but no replies were received. Exhibit B. There has been no communication between the corporate officers and corporate counsel. Schwartz affidavit. Counsel is aware of no efforts by the corporation to retain new counsel. *Id.*

In similar circumstances, the Seventh Circuit found that a District Court's denial of a motion to withdraw unless new counsel appears created a strong disincentive for the client to find new counsel. "[Counsel] informed the district court that its clients had stopped paying and were making no efforts to engage new counsel. The district judge denied this motion to withdraw and a later one, making it clear that in her view [counsel] must represent the [clients] to the bitter end, no matter how much this costs (and no matter how little the [clients] pay), unless a new

lawyer files an appearance on their behalf. Substitution is unlikely, because the district court's order provides [counsel's] clients with free legal assistance." *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 539 (7th Cir. 2002). ZNQ3 has no incentive to retain new counsel when this court is requiring present counsel to work for free.

The corporation's retainer is exhausted. Counsel is currently working without any expectation or reason to believe they will be paid. The Massachusetts Rules of Professional Conduct allow that where a "client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," as has occurred in this case, the lawyer may withdraw from the representation. Mass. Rules. Prof. Conduct. Rule 1.16(b)(4).

This situation goes far beyond a fee dispute, however. Because of its refusal to communicate, counsel cannot ethically represent the corporation at the scheduled mediation. Platt and McKee are the only board members of ZNQ3, (a Delaware corporation). As board members, they owe fiduciary duties to the corporation to act in the best interest of the corporation. *Guth v. Loft, Inc.* 5 A.2d 503, 510 (Del. Supr. 1939). That fiduciary duty includes the duty to cooperate, assist, communicate with and pay the corporation's counsel. Platt's and McKee's failure to communicate with counsel is likely to result in substantial injury to the corporation, as the corporation will go unrepresented at the upcoming mediation and faces a potential default judgment by this Court.

Where the highest authority that can act on behalf of a corporation refuses to act and such refusal is in breach of their fiduciary duty to the corporation, as it is in this case, Rule 1.13 of the Massachusetts Rules of Professional Conduct permits counsel to resign. Mass. Rules. Prof. Conduct. Rule 1.13(c)("If . . . the highest authority that can act on behalf of the organization

insists upon action, or a refusal to act, that is clearly a violation of law and is likely to result in substantial injury to the organization, the lawyer may resign.")

Lacking direction from the client, counsel cannot ethically participate in the scheduled mediation.

## Motion to Stay Proceedings

If this court is disinclined to reconsider its denial of the original motion to withdraw, this court should stay all proceedings in this case, including the mediation scheduled for March 27, 2006, so that counsel can pursue an interlocutory appeal. Such an immediate appeal is the proper course for counsel under such circumstances, rather than subjecting themselves to liability for improperly representing a client who refuses to participate in the representation. "We make a point clear at the start. At the time of the entry of the denial of the motion to withdraw, there was interlocutory jurisdiction to take an appeal to this court." *Rivera-Domenech v. Calvesbert Law Offices PSC*, 402 F.3d at 249. In fact, counsel's failure to pursue an immediate interlocutory appeal would moot any later appeal from the denial of the withdrawal motion. *Id.*

Finally, the court should note the untenable position in which counsel is placed by being compelled to represent a client, particularly at mediation, when that client will not communicate with counsel. This is far more than a situation in which counsel is compelled to work without payment. Instead, counsel is compelled to mediate a case without authority to do so. As a result, should this court fail to permit counsel to withdraw, and should this court decline to stay this matter pending interlocutory appeal, and should the Court of Appeals decline to stay this matter pending the interlocutory appeal, counsel will be compelled to remain mute at the mediation. See Affidavit of Harvey Schwartz. There is little point in compelling such a situation.

For all the above reasons, counsel requests that this court allow the motion to withdraw.

Respectfully submitted,


/s/ Harvey A. Schwartz
Harvey A. Schwartz
BBO # 448080
Laurie A. Frankl
BBO # 647181
Rodgers, Powers & Schwartz, LLP
18 Tremont Street, Suite 500
Boston, MA 02108
617-742-7010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* )
KENNETH LEVINE,                )
    Plaintiff                  )
                               )
v.                             )      C.A. No. 05-cv-11736- GAO
                               )
ZNQ3, INC.,                    )
JEFFREY L. STUTZMAN,           )
and CHARLES MORGAN,            )
    Defendants                 )
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF HARVEY A. SCHWARTZ

I, Harvey A. Schwarz, Esq., do hereby depose and state:

1. I am an attorney with Rodgers, Powers & Schwartz, LLP, counsel of record for the defendant ZNQ3, Inc.

2. Rodgers, Powers & Schwartz, LLP was retained by ZNQ3, Inc., through Charles Morgan at a time when Morgan was a member of the corporation's Board of Directors.

3. Mr. Morgan is no longer a member of the corporation's Board of Directors.

4. Mr. Morgan paid this firm a retainer to initiate representation.

5. The corporation's retainer has been exhausted.

6. My co-counsel, Laurie Frankl, repeatedly tried, unsuccessfully, to contact James Platt and Timothy McKee, the two remaining members of the ZNQ3, Inc. Board of Directors. Certified letters to them were returned by the Post Office and are attached as Exhibit A.

7. Emails to them have elicited no reply. Exhibit B.

8. McKee and Platt have not contacted me or any person at Rodgers, Powers & Schwartz, LLP. They have never communicated in any way with any attorney at this firm.

9. I am unaware of any other employee, manager or representative of ZNQ3 except for McKee and Platt.

10. As a result I am without authority from the corporation to participate in the mediation scheduled for March 27, 2006.

11. My intention, if I am compelled to appear at this mediation, is to remain mute. I will listen to what others say but I do not believe that I can ethically advocate any position for my client, propose any resolution of this matter or enter into any agreement on behalf of the corporation.

12. After reviewing the case law, particularly the First Circuit's decision in *Rivera-Domenech v. Calvesbert Law Offices PSC*, 402 F.3d 246 (1st Cir. 2005), and the Massachusetts Rules of Professional Conduct, particularly Rules 1.13(c) and 1.16(b)(4), I believe that I am ethically required to withdraw from representation of ZNQ3 and, should this court refuse to permit my withdrawal, to pursue an immediate interlocutory appeal from this court's decision. It is my intention to do so.

13. The foregoing statements are true of my own knowledge.

Signed under the pains and penalties of perjury this 9th day of March 2006.

/s/ Harvey A. Schwartz
Harvey A. Schwartz





# RODGERS, POWERS & SCHWARTZ LLP

18 Tremont Street  
Boston, MA 02108  
Tel. (617) 742-7010  
Fax (617) 742-7225

ATTORNEYS AT LAW

Laurie A. Frankl  
Email Laurie@TheEmploymentLawyers.com

*Via Certified Mail*  
James McKee and Timothy Platt  
ZNQ3, Inc.  
400 Bedford Street  
Manchester, NH 03103

February 22, 2006

Misters Platt and McKee-

I e-mailed both of you this same message today.

The federal court denied this firm's Motion to Withdraw from representing ZNQ3, without prejudice to it being brought again. The judge said the motion will be allowed if successor counsel for the corporation enters an appearance. As a result this firm continues to represent ZNQ3 in this law suit. The retainer has been completely exhausted and legal fees continue to be incurred.

You have failed to contact us, despite our repeated requests that you do so.

If necessary, we will file additional motions before the court seeking to terminate our representation. Obviously, this continued representation will mean that we will continue to incur legal fees. Because of your failure to give us any direction in this case, however, we are unable to take any action on behalf of the corporation. Unless we are contacted by a corporate representative and acceptable arrangements are made for payment of our fees we will not make any further appearances before the court nor shall we take any action in this matter. It is likely that the corporation will be defaulted in the law suit.

If ZNQ3, Inc. intends to hire successor counsel, please let me know this information as soon as possible.

Harvey A. Schwartz, P.C.  
Kevin G. Powers  
Elizabeth A. Rodgers  
Jonathan J. Margolis  
Robert S. Mantell  
Linda Evans  
Laurie A. Frank  
Sara Smolik

www.TheEmploymentLawyers.com

RODGERS, POWERS & SCHWARTZ
Page 2

James McKee and Timothy Platt
February 22, 2006

To be clear: if we do not hear from you, this firm will not make any appearances or take any affirmative steps in defending ZNQ3, Inc. If the corporation fails to appear in Court or otherwise participate in this lawsuit, the Court will enter a default judgment against it.

Please contact me or Harvey Schwartz to inform us of the corporation's intentions with respect to this lawsuit

Best Regards,

Laurie A. Frankl